[No. F012972. Fifth Dist. June 25, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DARLENE MAY, Defendant and Appellant.

**COUNSEL**

Robert A. Karpuk, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael J. Weinberger and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—In Stanislaus Superior Court case No. 243633, a jury convicted Darlene May of possessing cocaine base in violation of Health and Safety Code section 11350. She was subsequently found to have violated the terms of her felony probation in case No. 234382.[1] The matters were sentenced together; May received the middle term of two years in case No. 243633, and a consecutive sentence of one-third the middle term (eight months) in case No. 234382. Her sole contention on appeal is that the trial court failed to state reasons for imposition of the consecutive term. Respondent concedes error but contends that it was harmless. We agree with respondent and will affirm the judgment.

In case No. 243633, the trial court denied probation based on May's prior record, the fact that she had not done well previously on probation, and the fact that she was on probation for another drug offense when the instant offense was committed. After imposing the middle term and denying her request for possible civil commitment to a narcotics treatment facility pursuant to Welfare and Institutions Code section 3051, the court stated: "In action number 234382, for the same reasons stated probation is denied. I'll order that Miss May be sentenced to the Department of Corrections for the midterm of two years. I'll order that that run consecutive, and with that running consecutive all but eight months or 240 days is stayed."

Penal Code section 1170, subdivision (c) requires a trial court to state the reasons for its sentence choice on the record at the time of sentencing. (See also, Cal. Rules of Court, rule 443.)[2] ▮ The imposition of a consecutive sentence is a sentence choice. (*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704 [173 Cal.Rptr. 71]; *People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764].) This court has held that the reasons for imposing consecutive terms must be expressly stated since, without such a statement, a sentence cannot properly be reviewed nor can the objective of uniformity of sentencing be achieved. (*People* v. *Edwards* (1981) 117 Cal.App.3d 436,

---

[1] The facts of the offense and probation violation are not relevant to the issue raised on appeal.

[2] All references to rules are to the California Rules of Court.

449 [172 Cal.Rptr. 652].) Accordingly, the trial court committed error in the instant case when it failed to state its reasons for imposing a consecutive term in case No. 234382.

In *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838-839 [155 Cal.Rptr. 780], the Court of Appeal held such error harmless where the trial court's failure did not impair meaningful appellate review. The court noted the defendant's crimes met every criteria listed in rule 425 [criteria affecting concurrent or consecutive sentences] and there was a total absence of any mitigating circumstances. *Blessing* has been followed by other appellate courts (see, e.g., *People* v. *Scott* (1988) 200 Cal.App.3d 1090, 1096 [246 Cal.Rptr. 406]; *People* v. *Porter* (1987) 194 Cal.App.3d 34, 39 [239 Cal.Rptr. 269]; *People* v. *Hartsfield* (1981) 117 Cal.App.3d 504, 509 [172 Cal.Rptr. 794]; *People* v. *Whitehouse* (1980) 112 Cal.App.3d 479, 486 [169 Cal.Rptr. 199]; *People* v. *Anjell* (1979) 100 Cal.App.3d 189, 204 [160 Cal.Rptr. 669]), and now by the California Supreme Court (see *People* v. *Heishman* (1988) 45 Cal.3d 147, 201 [246 Cal.Rptr. 673, 753 P.2d 629], cert. den. 488 U.S. 948 [102 L.Ed.2d 369, 109 S.Ct. 380]).

In *People* v. *Bejarano, supra,* 114 Cal.App.3d at pages 704-705, we refused to follow *Blessing* because to do so under the factual circumstances in *Bejarano* would conflict with *People* v. *Lawson, supra,* 107 Cal.App.3d 748. In *Lawson* we held that a sentencing court may not use the same fact to both aggravate a sentence and impose a consecutive sentence. The court in *Bejarano* imposed an aggravated term. Because the sentencing judge did not state reasons for imposing a consecutive sentence, we could infer that the same reasons had been used for choosing the upper term.

We followed *Bejarano* in *People* v. *Hernandez* (1988) 204 Cal.App.3d 639, 655 [251 Cal.Rptr. 393]; *People* v. *Manning* (1982) 133 Cal.App.3d 159, 170 [183 Cal.Rptr. 727]; and *People* v. *Edwards, supra,* 117 Cal.App.3d at page 450. In each of those cases the sentencing court chose the upper term because of aggravating factors and also imposed a consecutive sentence without stating reasons therefor. The circumstances here, however, are different. The court sentenced appellant to the middle term without identifying any aggravating or mitigating factors. Thus, there is no danger that the court may have made improper dual use of facts for both aggravating and enhancing the sentence. Because the reason for our holding in *Bejarano, Hernandez, Manning,* and *Edwards* does not apply to the facts of this case, we are not constrained to follow those decisions here.

 The appropriate harmless error test under these circumstances is: Is there a reasonable possibility that a statement of reasons would have altered the trial judge's conclusion or revealed reversible error? (*People* v.

*Heishman, supra,* 45 Cal.3d at p. 201.) ■■■ From our review of the record we conclude the trial court's error in failing to state reasons for imposing a consecutive sentence for the probation violation was, indeed, harmless.

We see no likelihood that requiring the trial court to state reasons for the consecutive sentence would reveal reversible error, because the record clearly shows at least one factor supporting that sentencing choice. The probation officer's report disclosed that on December 5, 1988, appellant was placed on three years' probation for violation of Health and Safety Code section 11350. Although the date of offense does not appear, it obviously was before December 5, 1988. The later offense occurred on May 16, 1989. Thus, the two crimes "were committed at different times . . . rather than being committed so closely in time . . . as to indicate a single period of aberrant behavior." (Rule 425(a)(3).)

Likewise, there is no reasonable possibility the sentencing court would alter its conclusion if required to state reasons. The court expressly noted imposition of a consecutive sentence added only 20 days to appellant's prison term. In addition, the court heard, considered, and denied appellant's request for a stay of execution because of family problems relating to care of appellant's daughter and grandson and the health of appellant's grandmother. The court also rejected appellant's application for referral under Welfare and Institutions Code section 3051. We think the record leads to only one conclusion: The court considered all appropriate circumstances and decided appellant's violation of probation by commission of a new offense, at least five months after the offense for which she was placed on probation, deserved an additional twenty days of prison time. Appellant has not pointed to any mitigating factors or other considerations likely to affect the court's decision on remand. Under the circumstances of this case, we will not require expenditure of scarce resources to "engag[e] in idle gestures or merely adher[e] to ritualistic form." (*People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 579 [199 Cal.Rptr. 796].)

The judgment is affirmed.

Best, Acting P. J., and Stone (W. A.), J., concurred.

A petition for a rehearing was denied July 24, 1990, and appellant's petition for review by the Supreme Court was denied September 19, 1990.