Filed 6/17/24  P. v. Hunwardsen CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JASON GRANT HUNWARDSEN,<br><br>    Defendant and Appellant. | F085646, F085647<br><br>(Super. Ct. Nos. CRM028776, CRM031303, CRL009475)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Muller, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Peña, J. and Smith, J.

Appellant Jason Grant Hunwardsen challenges his sentence pursuant to Penal Code section 1170, subdivision (b), arguing the trial court erred in sentencing him and that the error was prejudicial.  We conclude the court erred in failing to state the reasons for its sentencing decisions and the error frustrates appellate review of the court's sentencing choices.  We therefore remand for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

**A.      Initial Sentencing on January 6, 2014 (Hunwardsen Sentenced to 30 Years Four Months)**

This consolidated sentencing appeal relates to three Merced County cases against Hunwardsen:  CRL009475 (felony, convicted via plea bargain, subsequent charge of violation of probation); CRM028776 (felony, convicted via jury trial); and CRM031303 (felony, convicted via plea bargain).

Case No. CRL009475 proceeded by an information filed on April 24, 2013.  The information charged Hunwardsen with willfully inflicting corporal injury on a coparent.  (Pen. Code,[1] § 273.5, subd. (a).)  The information further alleged two prior prison term enhancements.  (Former §  667.5, subd. (b).)  On May 21, 2013, the case was resolved via a negotiated plea.  Hunwardsen pleaded no contest to the charge of inflicting corporal injury on the mother of his children (§ 273.5, subd. (a)), in exchange for a grant of probation and dismissal of the two prior prison term enhancements.  Imposition of sentence was suspended and Hunwardsen was placed on probation for three years.  On August 7, 2013, a petition for violation of probation was filed in the matter and probation was revoked.

Case No. CRM028776 proceeded via an information filed on September 24, 2013.  The information charged Hunwardsen with willfully inflicting corporal injury on a coparent, with a prior conviction for the same offense within seven years (§ 273.5, subds.

_____

[1] Subsequent undesignated statutory references are to the Penal Code.

(a), (e)(1); count 1), and making criminal threats (§ 422; count 2). The information alleged, in connection with both counts, that Hunwardsen personally inflicted great bodily injury (§ 12022.7, subd. (e)) and personally used a deadly weapon (§ 12022, subd. (b)(1)). The information further alleged that Hunwardsen had a prior serious felony conviction (§ 667, subd. (a)), a prior "strike" conviction (§ 667, subds. (b)-(i)), and had served four prior prison terms (former § 667.5, subd. (b)). The matter proceeded to jury trial. On December 5, 2013, a jury convicted Hunwardsen on all charges and found true the personal-use-of-a-deadly weapon and personal-infliction-of-great-bodily-injury enhancement allegations. In subsequent bifurcated proceedings, Hunwardsen admitted he had a prior serious felony conviction and a prior strike conviction and had served four prior prison terms.

Case No. CRM031303 was initiated via a felony complaint on December 26, 2013. The complaint charged Hunwardsen with escape by force. (§ 4532, subd. (b)(2).) The complaint further alleged that Hunwardsen had a prior "strike" conviction. (§ 667, subds. (b)-(i).) On January 6, 2014, Hunwardsen pleaded no contest to escape by force (§ 4532, subd. (b)(2)) and admitted having a prior strike conviction.

That same day, that is, January 6, 2014, the trial court sentenced Hunwardsen in all three pending cases: CRM028776, CRM031303, and CRL009475. In case No. CRM028776—the sentence in which is at issue in this appeal—the court sentenced Hunwardsen to 26 years four months as follows: the upper term of five years doubled on account of a prior strike, on count 1; one third of the midterm, i.e., one year four months, on count 2; five years for the prior serious felony offense; five years for the great bodily injury enhancement; one year for the personal use of a deadly weapon enhancement; and four years for the four prior prison term enhancements. In case number CRM031303 (escape by force), the trial court sentenced Hunwardsen to a consecutive low term of two years doubled on account of a prior strike. Finally, in case No. CRL009475, the trial court sentenced Hunwardsen to the midterm of three years, to run concurrently to the

sentence imposed in case No. CRM028776.  Hunwardsen's aggregate sentence in the three cases was 30 years 4 months.

Hunwardsen filed a previous appeal in this court from case No. CRM028776 (the case that went to jury trial and the sentence in which is at issue in the instant appeal).  In an opinion filed on October 13, 2015, we affirmed the judgment in its entirety.  (See *People v. Hunwardsen* (Oct. 13, 2015, F068675 [nonpub. opn.]) (*Hunwardsen I*).)  As noted, the instant appeal again pertains to case No. CRM028776.  The facts of this case were exhaustively detailed in our opinion in *Hunwardsen I*, and therefore we need not repeat them here.

**B.      Resentencing on January 25, 2023 (Hunwardsen Sentenced to 26 Years Four Months)**

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Hunwardsen as a person in custody who was serving a term under a judgment that included a section 667.5, subdivision (b) enhancement.  (See § 1172.75.)  CDCR notified the court, and the court set the matter for resentencing.

On January 25, 2023, the court recalled Hunwardsen's sentence and resentenced him.  As recommended by CDCR, the court struck the four prior prison term enhancements (former § 667.5, subd. (b)) that were included in the initial sentence in case No. CRM028776.  The court stated it would not strike any other enhancements.  In sum, upon resentencing, Hunwardsen's sentence in case No. CRM028776 was reduced to 22 years four months, as follows:  the upper term of five years doubled, on count 1; one third of the midterm, i.e., one year four months, on count 2; five years for the prior serious felony offense; five years for the great bodily injury enhancement; and one year for the personal use of a deadly weapon enhancement.  Hunwardsen's consecutive four-year sentence in case No. CRM031303 (escape by force) remained unchanged, as did his concurrent three-year sentence in case No. CRL009475.

Hunwardsen filed notices of appeal in case Nos. CRM028776 and CRM031303. Both appeals (F085646 and F086647) were consolidated for present purposes under case No. F085646.

## DISCUSSION

**Imposition of the Upper Term of Five Years on Count 1, Infliction of Corporal Injury to a Coparent, in Case No. CRM028776**

Hunwardsen raises one issue on appeal. He challenges "[t]he trial court's imposition of the upper term of 5 years on Count 1 [inflicting corporal injury to a coparent] in Case No. CRM028776." He argues the upper term sentence of five years on the charge of inflicting corporal injury on a coparent "must be vacated and [the matter] remanded for resentencing in light of Penal Code[,] § 1170, subdivision (b)[,] which prohibits imposition of the upper term absent certain circumstances."

More specifically, Hunwardsen argues:

"In Case No. CRM028776, as to Count 1, the trial court imposed the upper term of 5 years, doubled due to a prior strike, for a principal term of 10 years. As to count 2, the trial court imposed 1/3 of the midterm, or 1 year and 4 months. Additionally, the trial court imposed a 5-year enhancement for the jury's finding that Mr. Hunwardsen inflicted great bodily injury. The trial court also imposed a 1-year enhancement for the jury's finding that Mr. Hunwardsen had used a dangerous weapon. The trial court also imposed 4 years for four prior prison terms pursuant to Penal Code[,] § 667.5, subdivision (b). The total aggregate sentence initially imposed in Case No. CRM028776 was 26 years and 4 months. [Citation.]

"On January 25, 2023, the trial court recalled and resentenced Mr. Hunwardsen as a result of the CDCR's recommendation after the amendments to sentencing laws effective January 1, 2022. The trial court struck the prior prison terms, reducing the sentence by 4 years. The resulting sentence in Case No. CRM028776 is now 22 years and 4 months. [Citation.]

"Although the court stated that it recognized it had the authority and discretion to dismiss other enhancements, it was choosing not to do so.

5.

[Citation.] However, the trial court did not review the imposition of the aggravated term of 5 years as to Count 1.

"Pursuant to Penal Code[,] § 1170, subdivision (b), the presumptive sentence is the middle term unless certain circumstances exist. The trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or a judge in a court trial. (*Ibid*.) Also, under Penal Code[,] § 1170, subdivision (b)(3), the trial court, 'may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' (Pen. Code[,] § 1170, subd. (b)(3).) The trial court must also 'set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law.' (Pen. Code[,] § 1170, subd. (b)(5).)

"Additionally, California Rules of Court, rule 4.420, subdivision (g) states: 'To comply with section 1170(b)(5), a fact charged and found as an enhancement may be used as a reason for imposing a particular term only if the court has discretion to strike the punishment for the enhancement and does so. The use of a fact of an enhancement to impose the upper term of imprisonment is an adequate reason for striking the additional term of imprisonment term of imprisonment, regardless of the effect on the total term.' These provisions prohibit using the same facts to impose an enhancement and to impose the aggravated term of imprisonment. (*People v. Osband* (1996) 13 Cal.4th 622, 728.)"

*Background*

A probation report was prepared for Hunwardsen's original sentencing on January 6, 2014. The probation report listed nine "circumstances in aggravation" as follows: (1) "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; (2) "[t]he defendant was armed with or used a weapon at the time of the commission of the crime"; (3) "[t]he victim was particularly vulnerable"; (4) "[t]he defendant took advantage of a position of trust or confidence to commit the offense"; (5) "[t]he defendant has engaged in violent conduct which indicates a serious danger to society"; (6) "[t]he defendant's

prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"; (7) "[t]he defendant has served a prior prison term"; (8) "[t]he defendant was on probation or parole when this crime was committed;" and (9) "[t]he defendant's prior performance on probation or parole was unsatisfactory." The probation report did not list any circumstances in mitigation.

At the January 6, 2014 original sentencing hearing, the prosecutor had stated: "Your Honor, my only comment is, that there are nine factors in aggravation and there are no factors in mitigation." The trial court observed: "I do agree with [the prosecutor] and [the probation officer's] findings regarding the circumstances in aggravation of the trial case. I do agree with [the probation officer's] finding that there are no circumstances in mitigation." The trial court added: "I do find, in particular, that the victim was particularly vulnerable. That the crime did involve great violence. There is a history of violence between the victim and Mr. Hunwardsen, with the victim being the victim repeatedly, as was brought out at trial. I do find the victim particularly vulnerable." The court then sentenced Hunwardsen, on count 1 in case No. CRM028776, to the upper term of five years, doubled on account of a prior strike conviction, for a total of 10 years. Among other enhancements, the court imposed in connection with count 1, five years consecutive on the great bodily injury enhancement and one year consecutive on the personal use of a deadly weapon enhancement.

As noted above, a resentencing hearing was subsequently held on January 25, 2023. The defense submitted a sentencing memorandum on Hunwardsen's behalf; the sentencing memorandum was tailored to CDCR's recommendation to strike Hunwardsen's prior prison term enhancements (and other enhancements) and did not address the upper term sentence previously imposed on count 1 in case No. CRM028776. The prosecutor, for his part, argued at the resentencing hearing with respect to the court's discretion to strike enhancements other than prior prison term enhancements, that Hunwardsen should be considered a danger to public safety because "there were nine

7.

factors in aggravation and no factors in mitigation." The court interjected: "There was not a factor. It was a jury trial." Defense counsel then objected: "There was not a true finding by the jury on those." The prosecutor, however, repeated that there were "nine factors in aggravation, none in mitigation."

The court then pronounced sentence as follows: "All right. The Court does recognize it has discretion to strike any and all enhancements, declines to do so, other than the 667.5(b) enhancements, which is four. So the new abstract of judgment [that] is forwarded to CDCR should reflect a total time. [¶] Those [667.5(b)] enhancements should not even appear on the new abstract. They're stricken, not stayed." The court concluded: "For a total time should now be 26 years, four months. That will be the Court's order."

### *Applicable Legal Framework: Senate Bill No. 567*

When the trial court originally sentenced Hunwardsen on January 6, 2014, section 1170 provided that at sentencing the selection of the lower, middle, or upper term "shall rest within the sound discretion of the court," based on which term "best serves the interests of justice." In making its selection, the court could consider "the record in the case, the probation officer's reports, other reports, … and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim [was] deceased, and any further evidence introduced at the sentencing hearing." (Former § 1170, subd. (b).) The court was required to specify the reasons for its sentencing decision. (Former § 1170, subd. (b).) Courts rely on aggravating and mitigating circumstances listed in California Rules of Court, rules 4.421 and 4.423, and "any other factor reasonably related to the sentencing decision" (Cal. Rules of Court, rule 4.420(d)).

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) amended section 1170, restricting a trial court's sentencing discretion, including its ability to impose the upper term for a conviction. (Stats. 2021, ch. 731,

8.

§ 1.3.)  Pursuant to Senate Bill No. 567, section 1170 now precludes a trial court from imposing a sentence exceeding the middle term for any offense with a sentencing triad, unless "there are circumstances in aggravation of the crime *that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial*."  (§ 1170, subd. (b)(2), italics added.)  In other words, Senate Bill No. 567 provides for a *presumptive middle term* absent the presence of circumstances in aggravation that justify deviating from the middle term, the facts underlying which have either been stipulated to by the defendant or proven beyond a reasonable doubt at trial.  (§ 1170, subd. (b)(1) & (2); *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

Notwithstanding this limitation, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)  Section 1170, as amended by Senate Bill No. 567 further provides, in pertinent part:  "*The court shall set forth on the record the facts and reasons for choosing the sentence imposed.  The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law*."  (§ 1170, subd. (b)(5), italics added.)

*Analysis*

Here, Hunwardsen challenges the trial court's reimposition of the upper term on count 1 (inflicting corporal injury on a coparent) in case No. CRM028776, when he was resentenced on January 25, 2023.  In resentencing Hunwardsen in the case, the trial court did not appear to revisit the issue of the upper term imposed on count 1 at Hunwardsen's original sentencing on January 6, 2014.  Hunwardsen thus challenges the reimposition of the upper term on count 1 with reference to the reasons for imposing the upper term specified by the court at his original sentencing.  Specifically, Hunwardsen now asserts the court failed to comply with section 1170, subd. (b)(5)/California Rules of Court, rule

9.

4.420(g) (impermissible dual use of facts), and section 1170, subdivision (b)(1), (b)(2) (reliance on improper aggravating factors).

As a threshold matter, the People contend that Hunwardsen has forfeited his sentencing claims regarding count 1 in case No. CRM028776 by failing to raise them in the trial court. However, the People's forfeiture argument appears to encompass only Hunwardsen's claim that the trial court erred under section 1170, subdivision (b)(1), (b)(2) in sentencing him (that is, by relying on aggravating factors that were neither found by a jury, nor admitted by Hunwardsen). The People's forfeiture argument does not address Hunwardsen's claim that the trial court additionally erred under section 1170, subdivision (b)(5) and California Rules of Court, rule 4.420(g), in imposing the upper term based on improper dual use of facts. As for Hunwardsen, he responds that were we to find his claims of sentencing error forfeited for failure to object, then defense counsel rendered ineffective assistance of counsel at his resentencing hearing. Under these circumstances, we will exercise our discretion to review Hunwardsen's sentencing claims. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 520; *People v. Bradford* (2007) 154 Cal.App.4th 1390, 1411.)

As we indicated above, when Hunwardsen was resentenced on January 25, 2023, the trial court reimposed the upper term on count 1 (inflicting corporal injury on a coparent) in case No. CRM028776 without expressly revisiting the issue. In other words, the trial court did not "*set forth on the record the facts and reasons for choosing the sentence imposed,*" as required by section 1170, subdivision (b)(5). (Italics added.) We conclude this was error. (See Cal. Rules of Court, rule 4.406(b)(3).) Moreover, without any statement of reasons, regardless of what standard of prejudice we apply, we cannot properly review the court's sentencing choices. (*People v. May* (1990) 221 Cal.App.3d 836, 838 [without a statement of reasons, a sentencing decision often cannot be properly reviewed on appeal].) Accordingly, we remand the matter for a full resentencing hearing in case No. CRM028776.

We note the probation report in this matter dates from 2014. In light of the myriad changes to the sentencing laws since that time, had the trial court ordered a new probation report prior to resentencing Hunwardsen in 2023, the new report presumably would no longer have listed the identical aggravating circumstances as were noted in the original probation report and would have addressed any potential mitigating factors arising from Hunwardsen's conduct in prison. Accordingly, the trial court is directed to order a new probation report before conducting the resentencing hearing in this matter. Among potentially applicable changes, the trial court should note section 1170, subdivision (b)(2), (b)(3), and (b)(5), along with California Rules of Court, rule 4.420(g), and any applicable postconviction factors, such as the defendant's conduct in prison. (See *People v. Yanaga* (2020) 58 Cal.App.5th 619, 627.) Finally, under California's new determinate sentencing law, "any weighing of aggravating circumstances must occur under the weight of the new rule favoring the middle term as the maximum sentence." (*People v. Falcon* (2023) 92 Cal.App.5th 911, 948.)

In sum, for the reasons set forth, we conclude the matter must be remanded for resentencing consistent with section 1170, subdivision (b). We express no opinion on how the trial court chooses to exercise its discretion in resentencing Hunwardsen on remand, aside from requiring it to set forth the facts and reasons for choosing the sentence it chooses to impose.

## **DISPOSITION**

The matter is remanded for a full resentencing hearing in case No. CRM028776, with directions to comply with section 1170. The trial court shall state the reasons for its sentencing choices pursuant to section 1170, subdivision (b)(5) and California Rules of Court, rule 4.406. In all other respects, the judgment is affirmed.

11.