Filed 11/12/24  P. v. Perez CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078155 |
| v. | (Super.Ct.No. SWF1707851) |
| CHRISTOPHER DANIEL PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.  Reversed with directions.

Cindy Brines, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I. INTRODUCTION

This is the second appeal by defendant and appellant, Christopher Daniel Perez, following resentencing. Defendant was convicted by a jury of eight offenses arising out of three separate incidents of domestic violence. (*People v. Perez* (Dec. 4, 2020, E073399 [nonpub. opn.]) (*Perez I*).) In *Perez I*, this court affirmed the judgment, but remanded the matter for resentencing.

At resentencing, the trial court imposed the upper term on the principal offense but failed to provide a statement of reasons in support of its decision to do so. Shortly after defendant's resentencing, Penal Code[1] section 1170 was amended to prohibit a trial court from imposing an upper term sentence unless there are aggravating circumstances, and the defendant has either stipulated to the facts underlying those circumstances or those facts were found true beyond a reasonable doubt. (§1170, subd. (b)(1)-(2); *People v. Flores* (2022) 75 Cal.App.5th 495, 500.) Defendant again appeals, arguing that we should again remand the matter for resentencing because "[t]he record does not make clear what aggravating factors the trial court [relied] on to impose the upper term or whether the aggravating factors upon which the trial court relied were admitted by [defendant] or found beyond a reasonable doubt."

---

[1] Undesignated statutory references are to the Penal Code.

2

In our initial opinion in this appeal, we concluded that defendant had forfeited his argument by failing to object in the trial court and further explained that, even in the absence of forfeiture, defendant had failed to show prejudice warranting reversal. However, our Supreme Court granted a petition for review and, after issuing its decision in *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), returned the matter to us with directions to vacate our decision and reconsider the cause in light of *Lynch*. After consideration of *Lynch*, we conclude that defendant's argument that the trial court erred by failing to state its reasons remains forfeited, but the retroactive application of amendments made to section 1170 entitles defendant to reversal and remand for further proceedings.

## II. FACTS & PROCEDURAL HISTORY

A. *Background*

Defendant and H.Q. began a dating relationship in August 2017. (*Perez I*, *supra*, E073399.)

On November 17, 2017, defendant struck H.Q. multiple times in the head while they were arguing inside a vehicle. (*Perez I*, *supra*, E073399.) When H.Q. tried to get out of the vehicle, defendant punched her in the face, forced her back in the vehicle, and drove her around for hours. (*Ibid.*) Defendant was convicted of one count of willful infliction of corporal injury upon someone with whom he had a dating relationship (§ 273.5, count 5) and one count of kidnapping (§ 207, subd. (a), count 6) arising out of this incident. (*Perez I*, *supra*, E073399.)

On December 15, 2017, following an argument, defendant placed H.Q. into a chokehold. (*Perez I*, *supra*, E073399.) As a result, H.Q. lost consciousness. (*Ibid.*) When H.Q. regained consciousness, she was lying on the floor, and defendant was yelling at her. (*Ibid.*) H.Q. attempted to scream, but defendant began to choke her again and threatened to continue choking her until she stopped screaming. (*Ibid.*) Defendant was convicted of one count of willful infliction of corporal injury upon someone with whom he had a dating relationship (§ 273.5, count 8) and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 7) arising out of this incident. (*Perez I*, *supra*, E073399.)

On December 19, 2017, H.Q. ended her relationship with defendant and asked him to leave her home. (*Perez I*, *supra*, E073399.) The two began to argue, and defendant took H.Q.'s phone from her. (*Ibid.*) While they were arguing, H.Q.'s pastor arrived at her front door and began knocking loudly. (*Ibid.*) H.Q. had texted her pastor earlier and had asked him to come check on her in 30 minutes if he did not hear from her. (*Ibid.*) Defendant would not let H.Q. leave her bedroom to answer the door. (*Ibid.*) H.Q. tried to scream to get her pastor's attention, but defendant began strangling her to make her stop screaming. (*Ibid.*) When H.Q. did not answer the door, her pastor called 911. (*Ibid.*)

Defendant shut the bedroom door, moved a dresser in front of the door, turned off the lights, and told H.Q. he was going to stay there and watch her all night. (*Perez I*, *supra*, E073399.) After some time, police officers arrived, announced their presence, and shouted for them to come out of the apartment. (*Ibid.*) While the officers were outside,

4

defendant pulled down H.Q.'s pants and underwear and began to have sex with her. (*Ibid*.)  H.Q. did not resist because she was afraid.  (*Ibid*.)

Police officers eventually entered the apartment after obtaining a key from H.Q.'s apartment manager.  (*Perez I*, *supra*, E073399.)  They discovered H.Q., shaking and crying, with bruises on both sides of her neck, and red marks on her carotid arteries. (*Ibid*.)  Defendant was escorted out of the apartment and taken into custody.  (*Ibid*.)  He was convicted of one count of willful infliction of corporal injury upon someone with whom he had a dating relationship (§ 273.5, subd.(f)(1), count 1); one count of rape (§ 261, subd. (a)(2), count 2); one count of dissuading a witness (§ 136.1, subd. (b)(1), count 3); and one count of false imprisonment (§ 236, count 4), arising out of this incident.  (*Perez I*, *supra*, E073399.)

In a bifurcated proceeding, the trial court found true allegations that defendant had sustained four prior prison sentences qualifying for a sentence enhancement (former § 667.5, subd. (b); Stats. 2018, ch. 423, § 65); a prior conviction qualifying as a serious prior felony (§ 667, subd. (a)); and a prior conviction qualifying as a strike offense (§§ 667, subds. (c), (e)(1),  1170.12, subd. (c)(1)).  (*Perez I*, *supra*, E073399.)

B.  *Defendant's Initial Sentence*

Defendant's initial sentencing hearing was held on August 9, 2019.  Defendant brought a motion to dismiss the strike offense as well as his prison priors and presented evidence of potential mitigating factors in support of that request.  The prosecutor opposed the motion, noting that defendant had an extensive history of prior criminal convictions, as well as the fact that defendant was on probation for a different offense at

the time he committed the current offenses. The trial court denied defendant's motion, explicitly referencing his "past criminal history" and stating: "I do not think his prospects of living crime-free in the future are good at all based on past history. . . . [W]hen you do the number of bad things he's done, whether they're defined instances or not, you become a danger to society . . . ."

The trial court proceeded to sentence defendant, offering the following prefatory statement: "Okay. I have a lot to say, but I'm going to bottom line this for you so you're not sitting there. I'm going to sentence you to the maximum amount of time I believe I can sentence you to; okay? [¶] The reason I'm going to do that is because I see, and so did all those women see, like your mom sees, you have good qualities. The problem is you get angry and you assault people who trust you, okay, and your type of assault, this grabbing around the neck in an arm hold like that, or arm hold and strangling them, is incredibly dangerous. And we're lucky we're not here for a murder. [¶] And I think this has been a pattern of conduct with you. I don't think it's going to stop. I don't think you can stop yourself. And I do not believe that you are safe out in the public. That is the bottom line."

The trial court then sentenced defendant to a total of 41 years and eight months in state prison. (*Perez I*, *supra*, E073399.) The sentence included an upper term for the kidnapping conviction (§ 207, subd. (a), count 6) and consecutive sentences on all counts. However, other than its prefatory statement, the trial court offered no reasons for these discretionary sentencing choices and neither party objected or requested a more detailed statement. The sentence also included one-year enhancements for each of defendant's

6

four prior prison terms pursuant to former section 667.5, subdivision (b). (*Perez I*, *supra*, E073399.)

C. *Appeal and Resentencing*

Defendant appealed from the judgment and, on December 4, 2020, this court issued its opinion affirming the judgment but remanding the matter for resentencing. (*Perez I*, *supra*, E073399.) Specifically, we concluded the trial court erred in imposing a sentence less than that statutorily mandated for dissuading a witness (count 3); that prior prison term enhancements should be stricken as a result of amendments to section 667.5; and that the trial court could not order defendant to participate in counseling or education as part of his sentence. (*Perez I*, *supra*, E073399.)

Defendant was resentenced on October 6, 2021. Despite our directive to strike the prison prior enhancements imposed pursuant to section 667.5, the trial court apparently struck only the punishment for those enhancements. The trial court also exercised its discretion to impose a consecutive sentence for dissuading a witness and, as a result, imposed a full middle term sentence for that offense. It also modified the abstract of judgment to clarify it was only recommending defendant participate in counseling or educational programs and purported to recalculate defendant's custody credits. As a result, defendant was sentenced to a total of 39 years eight months in state prison, which again included the imposition of the upper term on count 6.

The trial court did not offer a new statement of reasons for its sentencing choices and, instead, stated only that it would not revisit any aspects of the prior sentence other than those specifically mentioned on the record. Defendant did not object to the trial

7

court's failure to provide a new statement of reasons in support of its sentencing choices at the time of resentencing.

## III. DISCUSSION

A. *Legal Background and Issues Presented*

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), which guides the trial court's discretion in sentencing a defendant when the applicable statutes specify three possible terms for imposition of a judgment of imprisonment. (§ 1170, subd. (b).) As amended, section 1170, subdivision (b), now provides the middle term of imprisonment as the presumptive sentence, and it permits a trial court to "impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt." (*People v. Flores*, *supra*, 75 Cal.App.5th at p. 500; § 1170, subd. (b)(1)-(2).)

Under the amended statute, the truth of any facts in support of an aggravating circumstance must be tried in a bifurcated proceeding, except where the evidence is also relevant to prove or defend against a charged offense or enhancement. (§ 1170, subd. (b)(2).) Further, the trial court is permitted to consider a defendant's prior convictions based on a certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).) The amendment to section 1170, subdivision (b), applies retroactively to all cases not yet final because it has the potential to lessen the punishment for a defendant's crimes. (*People v. Flores*, *supra*,

8

75 Cal.App.5th at p. 500; *People v. Garcia* (2018) 28 Cal.App.5th 961, 972; *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

In *Lynch*, our Supreme Court explained that "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, *supra*, 16 Cal.5th at p. 768.) Our Supreme Court further resolved a split in authority to conclude that any such error "is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Id.* at pp. 768-769.)

Here, it is undisputed that the trial court imposed the upper term for kidnapping (§ 207, subd. (a), count 6) when resentencing defendant, and the People concede that section 1170, subdivision (b), as amended, applies retroactively to this case. Thus, the only contested issue on appeal is whether the statute requires us to again remand the matter for resentencing. With respect to the application of the newly amended section 1170, subdivision (b), the opening brief argues only that: "The record does not make clear what aggravating factors the trial court [relied] on to impose the upper term or whether the aggravating factors upon which the trial court relied were admitted by [defendant] or found beyond a reasonable doubt."

As we explain, defendant has forfeited any claim of error based on the trial court's purported failure to state its reasons for imposing the upper term on count 6 at the time of

9

resentencing. However, because our Supreme Court explained in *Lynch* that the amendments to section 1170 represent a fundamental alteration of the scope of a trial court's sentencing discretion, the retroactive application of these amendments entitles defendant to remand so that the trial court may exercise fully informed discretion in light of this change.

B. *Defendant Has Forfeited Any Claim Based Upon the Trial Court's Failure To State Its Reasons and Any Such Error Was Harmless Even Absent Forfeiture*

    1. Forfeiture

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see *People v. Wall* (2017) 3 Cal.5th 1048, 1075 ["[A] defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below."].) The rule of forfeiture applies in " 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.' " (*People v. Boyce* (2014) 59 Cal.4th 672, 730-731.) And the rule of forfeiture has been specifically applied in the context of the amended version of section 1170, subdivision (b). (*People v. Anderson* (2023) 88 Cal.App.5th 233, 242 [defendant forfeited argument that trial court erred by failing to articulate the reasons for imposing an upper term sentence under amended section 1170] ; *People v. Tilley* (2023) 92 Cal.App.5th 772,

10

778 [defendant forfeited argument by failing to object to trial court's imposition of middle term despite circumstances that created a presumptive lower term under amended section 1170, subd. (b)].)

Defendant contends on appeal that "[t]he record does not make clear what aggravating factors the trial court [relied] on to impose the upper term." However, the record does not show that defendant raised any objection to the trial court's statement of reasons, either at the time of his original sentencing or resentencing. Notably, defendant did not address the forfeiture issue in reply, even after the People raised that point in the respondent's brief. Nor did defendant address the forfeiture issue in his supplemental briefing following vacatur of our original opinion in this case. We continue to agree with the People that any claim of error premised upon the trial court's failure to identify which aggravating factors it relied upon to impose the upper term on count 6 have been forfeited and cannot support reversal or remand in this case.

This is particularly true where, as here, the court was required to state the reasons for selecting the upper term even prior to the changes to section 1170, subdivision (b), effectuated by Senate Bill 567. (See former § 1170, subd. (b); Stats. 2007, ch. 3, §§ 1-3 (SB 40), eff. Mar. 30, 2007.) Despite this, the record shows that defendant did not raise any objection. As a result, the claim is clearly forfeited.

2. Any Error Based on the Failure To State Reasons Was Harmless

"Where sentencing error involves the failure to state reasons for making a particular sentencing choice, . . . reviewing courts have consistently declined to remand cases where doing so would be an idle act that exalts form over substance because it is

11

not reasonably probable the court would impose a different sentence." (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889; see *People v. Scott*, *supra*, 9 Cal.4th at p. 355 [trial court's error "in identifying or articulating its sentencing choices" does not require reversal where "it is 'not reasonably probable that a more favorable sentence would have been imposed in the absence of error"]; *People v. Jones* (2009) 178 Cal.App.4th 853, 861 [" '[A] reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.' "].)

The appropriate consideration is whether there is "a reasonable possibility that a statement of reasons would have altered the trial judge's conclusion or revealed reversible error[.]" (*People v. May* (1990) 221 Cal.App.3d 836, 839.) On this point, our Supreme Court's decision in *People v. Osband* (1996) 13 Cal.4th 622 (*Osband*) is instructive. In that case, the trial court erroneously stated it was relying upon the same aggravating factor to impose both the upper term and consecutive sentences. (*Id.* at p. 728.) The trial court also failed to state reasons in support of a decision to impose a full consecutive term instead of one-third the middle term on one of the counts. (*Id.* at p. 729.) In concluding that both errors were harmless, our Supreme Court explained that the defendant failed to show a reasonable probability of a more favorable sentence because the record disclosed the trial court "could have selected disparate facts from among those it recited to justify the imposition of both a consecutive sentence and the upper term," and it "could have referred to the aggravating circumstances contained in the California Rules of Court that it found true" if it had been pressed to do so. (*Ibid.*)

12

The reasoning in *Osband* applies equally to this case. The record shows no shortage of aggravating circumstances referenced by the trial court at the time of sentencing. As the People point out, the trial court's prefatory statement explicitly refers to at least three aggravating circumstances: (1) the crime involves great violence, great bodily harm or the threat of great bodily harm (Cal. Rules of Court, rule 4.421(a)(1); (2) defendant took advantage of a position of trust or confidence to commit the offense (*id.*, rule 4.421(a)(11); and (3) the defendant has previously engaged in violent conduct that indicates a serious danger to society (*id.*, rule 4.421(b)(1)). Defendant concedes that the trial court's prefatory statement can reasonably be interpreted as a reference to each of these factors.

Additionally, moments earlier, the prosecutor brought to the trial court's attention the fact that defendant had an extensive criminal record with "over 20 other convictions," and that defendant was "on probation in at least one case . . . while committing our current charged conduct." In response, the trial court explicitly referenced defendant's "past criminal history" as part of its reason for denying defendant's motion to dismiss prison prior and strike enhancements. Accordingly, the trial court also clearly had before it facts to support three additional aggravating circumstances: (1) defendant's prior convictions as an adult are numerous (Cal. Rules of Court, rule 4.421(b)(2)); (2) defendant has served prior terms in prison (*id.*, rule 4.421(b)(3)); and (3) the defendant was on probation when the crime was committed (*id.*, rule 4.421(b)(4)).

13

Thus, the record in this case clearly shows that there were a sufficient number of aggravating circumstances specifically referenced[2] at the time of sentencing that did not require a jury determination under section 1170 from which the trial court could have selected to support the imposition of an upper term on count 6. As such, the record does not suggest it is reasonably probable defendant would have received a lesser sentence had the trial court actually been pressed to give a statement of reasons and list which of those aggravating factors supported its decision at resentencing.

C. *The Amendments to Section 1170 Require A Remand in This Case*

In the alternative, defendant argues that remand is required because the trial court did not rely upon aggravating factors that were found true by a jury, as required under the newly amended section 1170, subdivision (b). We need not address this argument because we conclude that defendant is entitled to a remand for resentencing for an entirely different reason.

---

[2] For this reason we are unpersuaded by defendant's reliance on *People v. Cardenas* (2007) 155 Cal.App.4th 1468. In that case, the trial court actually gave a specific statement of reasons for its sentencing choice. (*Id.* at pp. 1479-1480.) It is in this context that the Court of Appeal concluded that it could not rely on a factor that was never referenced by any party or the trial court at the time of sentencing to affirm the sentence. (*Id.* at pp. 1482-1483.) We agree that in cases in which the trial court actually gives its specific reasons for a discretionary sentencing choice, our review should be limited to the reasons actually given by the trial court. However, that is not the situation before us in this case, as the trial court did not explain its reasons and, more importantly, explicitly referred to the aggravating circumstances that could have supported the exercise of its discretion at the time of sentencing.

In addition to clarifying the standard of prejudice applicable when a trial court relies upon an aggravating factor in violation of section 1170, our Supreme Court in *Lynch* also endorsed the view that the amendments to section 1170 "alter[ed] the trial court's sentencing discretion" in that the "current statute narrows [the trial court's] authority by creating a presumption against the upper term, which may be overcome only if the required facts are properly proven and the court concludes that term is justified." (*Lynch*, *supra*, 16 Cal.5th at p. 773.) Because a trial court applying the former version of section 1170 would not have been guided by this constraint on its discretion, "[i]n this circumstance, 'it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' " (*Id.* at p. 774.) Thus, regardless of whether the aggravating factors upon which the court relied would have been found true beyond a reasonable doubt by a jury, remand is still required where the record does not suggest how the trial court would have exercised its discretion had it considered the standards set forth under the amended version of section 1170. (*Id.* at p. 777.)

In this case, while the record shows that the trial court could have validly sentenced defendant to the upper term based upon aggravating factors that did not require a jury determination, the trial court did not state the specific reasons for imposing the upper term sentence. And while we have concluded that this failure to state reasons does not itself warrant reversal, the absence of reasons prevents us from concluding the trial court would have exercised its discretion in the same manner if it had been aware of its

15

altered scope of discretion under the amended version of section 1170.[3] As such, defendant is entitled to vacatur of his sentence and remand for further proceedings. This conclusion renders it unnecessary for us to address defendant's additional argument that clerical errors in the abstract of judgment must be corrected, as defendant will have an opportunity to raise these issues anew in the trial court.

## IV. DISPOSITION

Defendant's sentence is reversed. Upon remand, the trial court is directed to give the People an opportunity to try the truth of any circumstances in aggravation in a bifurcated proceeding pursuant to section 1170. If the People elect not to proceed with a bifurcated trial, or at the conclusion of any such trial, the trial court shall conduct a full resentencing where it will have discretion to reexamine all aspects of defendant's sentence. A decision by the People to not pursue a trial with respect to any specific aggravating circumstance will not preclude the trial court from considering any circumstances in aggravation which do not require a jury determination under section 1170, and the trial court retains discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence. We

---

[3] We acknowledge that the trial court expressed its intent to sentence defendant to the maximum term permissible under the law at the time of defendant's initial sentencing. However, the trial court made no such comments on the record at the time of resentencing and, as a result, we cannot presume the trial court carried the same intent when exercising its discretion anew.

express no opinion as to how such discretion should be exercised at the time of

resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS\
J.

We concur:

RAMIREZ\
P. J.


CODRINGTON\
J.