Filed 11/14/24  P. v. Chavez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ABRAHAM THOMAS CHAVEZ, <br><br> Defendant and Appellant. | D083051 <br><br><br> (Super. Ct. No. SCD296747) |

APPEAL from a judgment of the Superior Court of San Diego County, Yvonne E. Campos, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Alana R. Butler, and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Abraham Thomas Chavez of (1) assault with a firearm, with true findings on allegations he personally inflicted great bodily injury

and personally used a firearm upon the victim (Pen. Code, §§ 245, subd. (a)(2), 12022.7(a), 12022.5(a); count 1); and (2) assault with a deadly weapon (§ 245(a)(1); count 2). Chavez admitted the aggravating factors that (1) he had served a prior prison term and (2) his prior performance on probation, mandatory supervision, and parole was unsatisfactory. Relevant here, the trial court sentenced Chavez to the upper prison term of four years on count 1.

On appeal, Chavez contends that, under Penal Code section 1170(b)(5) and the California Rules of Court, rule 4.420(i), the trial court: (1) failed to adequately state on the record the facts and reasons justifying its imposition of the upper term on count 1, and (2) to the extent the court provided reasons, they were either "not true factors in aggravation" or factors violating "the prohibition on dual use of facts." The People disagree, primarily contending Chavez's claim is forfeited by his failure to raise these issues during sentencing. Alternatively, the People assert the trial court did state valid facts and reasons justifying the upper term and any error was harmless. Resolving this matter by memorandum opinion (see *People v. Garcia* (2002) 97 Cal.App.4th 847), we conclude Chavez forfeited his claim and, regardless, any error was not prejudicial. Accordingly, we affirm.

I.

We first address forfeiture.

When sentencing issues arise, it is the responsibility of the defendant or their counsel to bring the issues to the trial court's attention; otherwise, they generally are forfeited. (*People v. Neal* (1993) 19 Cal.App.4th 1114, 1118.) This is because, as our Supreme Court has stated, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on

2

appeal," as these issues are "easily prevented and corrected if called to the court's attention." (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356.) "'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

The People rely on *People v. Powell* (2011) 194 Cal.App.4th 1268 in arguing forfeiture here. In *Powell*, the parties agreed on appeal that the trial court erred by not stating its reasons when imposing the defendant's sentence. (*Id.* at p. 1297.) The defendant did not, however, timely object to the trial court's error. (*Ibid.*) Accordingly, the court of appeal denied the defendant's request for a remand, concluding the defendant forfeited his claim. (*Id.* at pp. 1297-1298.)

Here, as in *Powell*, Chavez did not raise any objections to the manner of the court's pronouncement of his sentence until his appeal. Thus, Chavez forfeited his claim the trial court allegedly failed to state or improperly stated the facts and reasons underlying its sentencing decision. (See *People v. Anderson* (2023) 88 Cal.App.5th 233, 242 [Defendant forfeited claim that trial court erred by not stating valid reasons for upper-term sentence because defendant did not object on this ground at sentencing.].)

## II.

Even absent forfeiture, Chavez's claim fails for lack of prejudice.

Penal Code section 1170 provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§1170(b)(2).)

3

Further, "[t]he court shall set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170(b)(5); see also Cal. Rules of Court, rule 4.420(i).)

Here, Chavez admitted two aggravating factors justifying the upper term—a prior prison term and prior unsatisfactory performance on supervision—which were among the four possible circumstances in aggravation mentioned in the probation report. At sentencing, the trial court denied Chavez probation. The court acknowledged the difficulties Chavez "went through in growing up" and "during [his] incarceration" but noted it "t[ook] seriously" the threat to public safety Chavez posed given his "usage of firearms out in public" at a convenience store and the fact the firearm used in the crime was unrecovered. Finally, the court stated: "The way I've arrived at the 11 year term of imprisonment tracks what the People did, which is in connection with count 1, I am finding aggravation for all the reasons laid out in the probation report and the people's delineation of why aggravation is warranted and imposing the upper term."

We need not decide whether the trial court's reasons were sufficiently or properly stated, as we agree with the People that it is not reasonably probable Chavez would have received a more favorable sentence absent the alleged error. (*People v. Porter* (1987) 194 Cal.App.3d 34, 39.)

The People cite several cases to support this conclusion. In *Porter*, the court's only stated reason for the upper term was its incorporation by reference of the probation report's aggravating circumstances. (*Porter*, 194 Cal.App.3d at p. 39.) On appeal, this error was deemed harmless because the probation report (1) listed eight aggravating factors with no factors in mitigation and (2) recommended the upper term "for the protection of the community and for punishment." (*Ibid.*) Similarly, in *People v. May*

4

(1990) 221 Cal.App.3d 836, 839-840, the court of appeal concluded there was no "reasonable possibility that a statement of reasons would have altered the trial judge's conclusion or revealed reversible error" because, even though the court erred by not stating its reasons for consecutive sentencing, the record clearly implied the existence of at least one aggravating factor supporting that choice. Accordingly, had there been a remand, the defendant would not have received a more favorable outcome. (*Id.* at p. 840.)

Here, Chavez admitted two aggravating factors. The trial court only needed one to impose the upper term sentence. (*People v. Castellano* (1983) 140 Cal.App.3d 608, 615.) Therefore, even if the court erred in incorporating the probation report as its reasons for imposing the upper term on count 1, it is not reasonably probable a remand for resentencing would result in a more favorable outcome. (See *People v. Achane* (2023) 92 Cal.App.5th 1037, 1044.)

III.

We affirm.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.